Filing # 74758365 E-Filed 07/11/2018 11:15:45 AM

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA
CIVIL DIVISION**

LAVONNIA LaGRANGE,

      Plaintiff,

                                    Case No.   `2018-CA-001842-16-K`

vs.

PHYSICIAN ASSOCIATES, LLC, d/b/a/
ORLANDO HEALTH PHYSICIAN
ASSOCIATES, a Florida Limited Liability
Company,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, LAVONNIA LaGRANGE. ("Plaintiff"), hereby sues the Defendant, PHYSICIAN ASSOCIATES, LLC, d/b/a ORLANDO HEALTH PHYSICIAN ASSOCIATES ("Defendant"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

      1.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

      2.     Venue lies within Seminole County because a substantial part of the events giving rise to this claim arose in this Judicial District.

      3.     At all times material, Plaintiff is and was a resident of Florida.

      4.     At all times material, Defendant was/is a Foreign Profit Corporation authorized to conduct business in the State of Florida, with its principal place of business at 235 North Westmont Drive, Altamonte Springs, Florida 32714.

      5.     This Court has subject matter jurisdiction pursuant to Section 107(a)(2) of the

Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

6.      Defendant is an employer as defined by the FMLA.  Defendant is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current and preceding calendar year.

7.      Plaintiff was employed by Defendant as a full-time front desk receptionist from January 1, 2014 through November 9, 2017, when she was fired.

8.      Plaintiff is an employee within the meaning of the FMLA and an individual entitled to protection under the FMLA.

9.      In or about September of 2017, Plaintiff had advised her supervisor, Mildred Nieves, that she had two valid and ongoing FMLA claims which were active and did not require a renewal until December of 2017, a request, pursuant to Defendant's usual and customary requirements for requesting leave, for a leave of absence for a FMLA-qualifying reason, namely for her diagnosis of lymphedema of the left arm and one for her knee.  Plaintiff expressly informed management that the time off was needed because of her claims.

10.      Approximately one week after she advised Mildred Nieves of her FMLA claims, Plaintiff was terminated from her employment.

11.      Plaintiff's supervisor, Ms. Nieves, informed her that the reason for her termination was a violation of the company's HIPAA policy.

12.      Defendant's allegations of Plaintiff's violation was nothing more than a pretext to her wrongful termination and retaliation for exercising her FMLA rights.

13.      Defendant terminated Plaintiff's employment because she exercised her FMLA

rights.

14.     At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's federal protected rights.

15.     Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services

**COUNT I**
**FMLA INTERFERENCE**

16.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-15.

17.     Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

18.     Defendant's actions constitute violations of the FMLA.

19.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages as follows:

    a.     Back pay and benefits;

    b.     Interest;

    c.     Liquidated damages;

    d.     Attorneys' fees and costs pursuant to the FMLA;

    e.     Equitable relief;

    f.     Such other relief as is permitted by law.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for the foregoing economic and non-economic damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT II
## FMLA RETALIATION

20.      Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-19.

21.      Defendant retaliated against Plaintiff for asserting his FMLA rights.

22.      Defendant's actions constitute violations of the FMLA.

23.      As a result of Defendant's unlawful actions, Plaintiff has suffered damages as follows:

      a.      Back pay and benefits;

      b.      Interest;

      c.      Liquidated damages;

      d.      Attorneys' fees and costs pursuant to the FMLA;

      e.      Equitable relief;

      f.      Such other relief as is permitted by law.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for the foregoing economic and non-economic damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

24.      Plaintiff demands trial by jury as to all issues.

DATED this 11th day of July, 2018.

                Respectfully submitted,
                **WHITTEL & MELTON, LLC**
                /s/ Jay P. Lechner
                Jay P. Lechner, Esq.
                Florida Bar No.: 0504351

Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
Pleadings@theFLlawfirm.com
lechnerj@theFLlawfirm.com
rgerner@theFLlawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, This notice has been filed with the E-Portal and served via electronic mail to _____N/A_____ on this 11th day of July, 2018.

Respectfully submitted,
WHITTEL & MELTON, LLC
/s/ Jay P. Lechner_____
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
Pleadings@theFLlawfirm.com
lechnerj@theFLlawfirm.com
rgerner@theFLlawfirm.com
*Attorneys for Plaintiff*